UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM BRAY,

    Plaintiff,

    v.

SHERIFF JOHN T. BOYD,

    Defendant.

CAUSE NO. 3:19-CV-993-PPS-MGG

OPINION AND ORDER

Adam Bray is a pre-trial detainee in the LaPorte County Jail. He filed an amended complaint. ECF 27. He did not file a motion asking to amend, but he should have done so. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of course under some circumstances. After that, amendments may be made only with the consent of opposing parties or by leave of court. Rule 15(a)(2). Here, Bray has filed several pleadings already. ECF 1, 6, 9, 10, 11, 12, 13, 14, 15 and 16. Because he is proceeding without a lawyer, I will construe the amended complaint as including a motion asking for leave to file it because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

"Leave to amend is to be 'freely given when justice so requires'" *Liu v. T&H Machine, Inc.*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting Federal Rule of Civil Procedure

15(a)). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (quotation omitted). Here, the proposed amendment would be futile.

In the amended complaint, Bray names three defendants. Sheriff John T. Boyd is alleged to be "responsible for everything that his staff and deputy staff does at the LaPorte County Jail." ECF 27 at 2. However, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore the amended complaint does not state a claim against Sheriff John T. Boyd.

Bray names Dr. Tchettchat as a defendant. Bray alleges the doctor is keeping him under medical observation as punishment for his filing this lawsuit. However, he also states the medical observation began after he slipped and fell. "To prevail on his First Amendment retaliation claim, [the plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Bray has plausibly alleged the first prong of this test, but not the second

or third. There is no indication that being under medical observation after suffering a serious accident qualifies as a deprivation or that it would deter future First Amendment activity. Nor is it plausible to infer that his having filed a lawsuit months earlier was a motivating factor in deciding to place him under medical observation after he slipped and fell. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008) ("[M]ere temporal proximity is not enough to establish a genuine issue of material fact."). Therefore, the amended complaint does not state a claim against Dr. Tchettchat.

Bray also names Quality Correctional Care, LLC, as a defendant. He alleges this company provides healthcare at the jail. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). But, a corporation "cannot be held liable under § 1983 on a respondeat superior theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quoting *Monell*, 436 U.S. at 691). Rather, corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id*. Here, Bray alleges Quality Correctional Care employs the medical staff, but he has not alleged the existence of any policies or customs which have caused him injury. Therefore, the amended complaint does not state a claim against Quality Correctional Care, LLC.

A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). This amended complaint does not contain sufficient factual matter to state a plausible claim against any of the three defendants. Therefore it would be futile to grant Bray leave to file it because it would wipe away the claim on which he has been granted leave to proceed. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (citation omitted) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward [b]ecause a plaintiff's new complaint wipes away prior pleadings . . ..").

Currently Bray is proceeding in this case against Sheriff John T. Boyd in an official capacity for both preliminary and permanent injunctive relief to protect him from attack by fellow inmates. ECF 19 at 3-4. With the denial of the motion to amend, this case will continue based on the screening order which granted Bray leave to proceed on that claim.

For these reasons, the Court:

(1) CONSTRUES the amended complaint (ECF 27) as including a motion for leave to amend;

(2) DENIES the motion to amend (ECF 27);

(3) DIRECTS the clerk to edit docket entry ECF 27 to indicate Adam Bray was not granted leave to file an amended complaint;

(4) GRANTS Adam Bray until **February 19, 2020**, to file a reply to the response to his request for a preliminary injunction; and

(5) CAUTIONS Adam Bray if he does not respond by the deadline, the court may deny the preliminary injunction without a response from him.

SO ORDERED.

ENTERED: January 16, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT